UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
|     JAMES P. SCHOLZE and | : | |
|     LAURA E. SCHOLZE | : | |
|         Debtors | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
|     Objectant | : | |
| | : | |
|     vs. | : | |
| | : | |
| E. HALEY ROHRBAUGH, ESQUIRE | : | |
|     Applicant | : | CASE NO.  1:20-bk-01416-HWV |

TRUSTEE'S OBJECTION TO APPLICATION OF ATTORNEY
FOR CHAPTER 13 DEBTORS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES

AND NOW, this   28th   day of February, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by his attorney, James K. Jones, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Application of Attorney for Chapter13 Debtors for Compensation and Reimbursement of Expenses and states as follows:

    1.   Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case.

    2.   On April 30,2020, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code.

    3.   On February 24, 2022, Applicant filed the Second Application for Interim Compensation and Reimbursement of Expenses.   (ECF No. 50)

    4.   Prior to the most recent fee request, Applicant has submitted fee applications totaling $6,066.50.   (ECF No. 24)

    5.   Applicant's Second Fee Application requests an additional $6,186.01 in fees and expenses.

6. Trustee avers that the compensation and/or expenses requested in the Fee Application are not reasonable for the following reasons:

   a. The Fee Application includes charges that were not performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.

      1. This is not a complex case. The pay stubs and Means Test indicate that debtors must propose a plan that pays all claims. Debtors' plan requires one secured claim and one priority claim to be addressed. The rest of the claims are general unsecured claims.

      2. 1/25/21 KLB charged 1.5 hours to begin the process to prepare an Amended Plan, print and review claims and print and review Trustee's plan objection.

      3. 1/26/21 KLB charged .8 hours to complete the Amended Plan.

      4. 1/26/21 EHL charges 1.8 hours to email her paralegal, review the Amended Plan (which contained several payment errors), reviewed the Amended Means Test (which was never filed) and send a detailed email to her clients.

      5. 1/27/21 KLB charged .6 hours to read an email from EHL, upload the plan to ECF, email the Trustee office confirming the plan was filed and prepare a letter to the clients.

      6. 1/27/21 KLB charged .4 hours to upload the Amended Plan for service upon parties and file the Certificate of Service.

      7. 3/5/21 EHL charged 1.8 hours to email KLB, review the Trustee's revisions and notes regarding the Means Test, recalculate the Means Test and respond to the Trustee. The Trustee previously sent to EHL annotated pay stubs and Means Test indicating more than sufficient funding for a plan that pays all claims.

      8. 3/8/21 KLB charged 1.1 hours to begin drafting an Amended Plan, print and review the claims (which was previously done on 1/25/21) and print and review

the Trustee's plan objections which indicated a 100% plan is required and objected to the calculation errors which made the plan incapable of being administered.

9. 3/9/21 KLB charged 1.9 hours to read and respond to EHL's email, prepare a 100% plan based on claims previously reviewed and email the proposed plan to EHL for her review.

10. 3/23/21 EHL charged .6 hours to review the Court calendar, docket, and prior correspondence from the Trustee's office regarding documents required to be filed and then send an email to KBL.

11. 4/21/21 EHL charged .8 hours to review the Amended Plan to determine whether student loan payments should be included in the plan.

12. 4/22/21 EHL charge 1.8 hours to continue reviewing plan scenarios, reviewing claims that had been reviewed at least twice previously and a detailed email to her clients and then review their response.

13. 4/23/21 KLB charged .8 hours to upload the Amended Plan to ECF and forward a copy to the service which served it on the parties.

14. 4/27/21 EHL charged .4 hours to review and respond to the Trustee office withdrawal of a Motion to Dismiss and instruct KLB regarding the vacated hearing.

15. 5/20/21 EHL charged .7 hours to review an email from the Trustee office regarding documents that needed to be filed to confirm the Amended Plan, instructing KLB to file the documents, review the receipt indicating the documents were filed and then discussing same with KLB.

16. 6/3/21 KLB charged .4 hours to send a copy of the Order Confirming Amended Plan to be served and upload the Certificate of Service once served.

17. 6/11/21 EHL charged .4 hours to review a Notice of Mortgage Payment Change and email KLB.

18. 10/7/21 KLB charged .8 hours to complete the preparation of an Amended Means Test due solely to a change in income and to provide a copy to EHL.

19. 2/15/22 SLC charged 1.9 hours to prepare a draft of the Second Fee Application and review the time records for accuracy, even though she was not involved in any of the prepared time records, and to prepare the accompanying documents.

b. The Fee Application includes charges that include unnecessary duplication of services.

1. 9/21/20—Email exchanges between applicant and paralegal are billed twice.

2. 1/25/21 EHL charged .2 hours to email instructions to her paralegal.

c. The Proposed Order claims that out-of-pocket expenses total $387.51 when the itemized records indicate that $378.51 is due.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/James K. Jones
Attorney for Trustee
jjones@pamd13trustee.com

## CERTIFICATE OF SERVICE

    AND NOW, this 28th day of February, 2022, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. Haley Rohrbaugh, Esquire
135 North George Street
York, PA   17401

                /s/Deborah A. Behney
                Office of Jack N. Zaharopoulos
                Standing Chapter 13 Trustee